**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CHRISTOPHER PAUL SAVAGE,
            *Defendant-Appellant.*

No. 02-5003

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CHRISTOPHER PAUL SAVAGE,
            *Defendant-Appellant.*

No. 03-4062

Appeals from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CR-01-64, CR-02-20)

Submitted: May 29, 2003

Decided: June 4, 2003

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Stephen G. Jory, JORY & SMITH, L.C., Elkins, West Virginia;
Wiley Newbold, Morgantown, West Virginia, for Appellant. Stephen

Donald Warner, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Christopher Savage appeals his convictions for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), (j), 924(a)(2), (e) (2000), interstate transportation of a stolen firearm and ammunition, in violation of 18 U.S.C. §§ 922(i), 924(a)(2), and interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312 (2000), and the fine imposed by the district court after his guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Savage has not filed a pro se supplemental brief, despite being advised of his right to do so. Finding no reversible error, we affirm.

Savage first contends the district court erred in denying his motions to suppress the shotgun found in his motel room during an attempt to execute an arrest warrant and numerous statements made to officers after his arrest. We review the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). We have reviewed the district court's denial of Savage's motions to suppress and find no error.

Savage next contends the district court erred in imposing a $5000 fine. Because Savage failed to object to the fine below, we review his

claim for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993). We find no plain error in the district court's imposition of the $5000 fine. *See United States v. Francisco*, 35 F.3d 116, 121-22 (4th Cir. 1994); *United States v. Taylor*, 984 F.2d 618, 622 (4th Cir. 1993).

Pursuant to *Anders*, we have reviewed the record and find no error. Accordingly, we affirm Savage's convictions and sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*